Rutan & Tucker, LLP
attorneys at law
2835/034352-0003
12003374.2 a03/01/19

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIVE TRAN INVESTMENT GROUP LLC, a California limited liability company; and TWENTY EIGHT INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>BLACK LABEL KEG BREWING CO., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | **Case No. 8:18-cv-01791-JVS-ADS**<br><br>**ORDER GRANTING STIPULATED PERMANENT INJUNCTION** |

-1-

Pursuant to the Stipulation for Permanent Injunction entered into by and between plaintiffs Five Tran Investment Group LLC and Twenty Eight Inc. ("Plaintiffs") and defendant Black Label Keg Brewing Co. ("Defendant") (collectively, the "Parties"),

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Defendant and each of its officers, directors, partners, agents, servants, employees, attorneys, representatives, confederates, and all persons and entities acting for with, by, through or under it, and any others within its control or supervision, and all others in active concert or participation with the above, is permanently enjoined and restrained from using Plaintiffs' federally registered BLK DOT mark or any mark that is confusingly similar thereto, which includes any mark incorporating the term "BLK" such as BLKBREW and BLKCOFFEE or any variations thereof (collectively referred to herein as "BLK Marks"), either alone or in combination with other words or symbols, in the marketing, sales, distribution, promotion, advertising, identification, or in any other manner in connection with any coffee products or related services at any locality in the United States; for clarification, Defendant will remove and/or refrain from using "BLK" or any word incorporating the term "BLK" in any past or future social media posts or online advertising on Defendant's website or social media accounts and/or using "BLK" or any word incorporating the term "BLK" in search engine keyword advertising or otherwise to in any way direct consumers to Defendant's business;

2. Defendant and each of its officers, directors, partners, agents, servants, employees, attorneys, representatives, confederates, and all persons and entities acting for, with, by, through or under it, and any others within its control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from using BLK Marks in any form or manner in the marketing, sale, distribution, promotion,

advertising, or identification of any coffee products or related services, or in any other manner in connection with any business;

3. Defendant will deliver to Plaintiffs' attorney within thirty (30) days after the entry of this injunction, to be impounded or destroyed by Plaintiffs, all products and promotional materials bearing any BLK Marks, including all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, stickers, stationery, and any other items in its possession or control displaying any BLK Marks in connection with any coffee products or related services; for clarification, Defendant will instruct third parties to whom it has provided any such promotional material to remove and return it to Defendant to deliver to Plaintiffs' attorney. However, as long as Defendant has instructed all third parties to whom it has provided any such material, Defendant shall not be held responsible or liable for the inadvertent failure of any third party to remove and return all products and promotional material;

4. Defendant will instruct, within thirty (30) days after the entry of this injunction, any print directory, Internet directory, or website that it has caused to display any BLK Marks in connection with coffee products or related services to cease using such marks at the earliest possible date. However, as long as Defendant has instructed all third parties to whom it has provided any such material, Defendant shall not be held responsible or liable for the inadvertent failure of any print directory, Internet directory, or website to cease using such marks;

5. Within thirty (30) days after entry of this injunction, Defendant will serve Plaintiff a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the foregoing injunction;

6. Plaintiff will file a Notice of Voluntary Dismissal with prejudice, within ten (10) calendar days of Plaintiff receiving a satisfactory written report from Defendant pursuant to Paragraph 5 herein;

7. None of the injunctive relief granted hereby shall apply to the use of the Mark "BLVCK" (U.S. Serial Number: 87908687, Issue Date: Nov 27, 2018,

Docket/Reference Number: BLBK-303) by Defendant and/or each of its officers, directors, partners, agents, servants, employees, attorneys, representatives, confederates, and all persons and entities acting for with, by, through or under it, and any others within its control or supervision, and all others in active concert or participation with the above;

8. The Parties have had the opportunity to consult with legal counsel of their choice and are fully informed and aware of the legal effect and consequences of this Stipulated Injunction;

9. The Court shall retain jurisdiction over this matter subsequent to the dismissal of the action for the purpose of enforcing the Parties' settlement agreement and this injunction.

IT IS SO ORDERED.

Dated: March 01, 2019

_____
Hon. James V. Selna
United States District Court Judge